FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

Case No. 21-CV723

2021 AUG -2 PM 1:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIGUEL JIMENEZ,
Petitioner,

v.

STATE OF NEW MEXICO; DWAYNE
SANTISTEVAN, Warden, Lea County
Correctional Facility, Respondents,

Following the denial by the New Mexico
Supreme Court appeal in New Mexico
State Case No. D-503-CR-2016-000-
66.

PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C § 2254

[EVIDENTIARY HEARING REQUESTED]

Miguel Jimenez
LCCF
6900 W. Millen Dr.
Hobbs, NM 88244

## CLAIMS

I. Trial counsel was ineffective due to the State-district court's ruling and his own failure to call Natalie at trial, impeach A.K. with prior inconsistent testimony from the preliminary hearing, and objecting to prejudicial delayed disclosure testimony by Detective Naylor.

## FACTS RELEVANT TO THE CLAIM

First and foremost, as a procedural matter, Petitioner submitted a request to the Lee County Correctional for his financial statement history for the preceding six (6) months. This request was submitted on July 16, 2021. Contrary to LCCF policy, LCCF did not respond to the request within the 7-day time constraint. On July 28, 2021, Petitioner submitted an informal complaint to grievance this issue and will exhaust his administrative remedies. Petitioner is not at fault for this and believes that if necessary,

1

this Court should order Respondents to provide him with this financial statement in order for him to properly file in forma pauperis.

<u>NATURE OF THE CASE</u>

Miguel Jimenez was charged with Criminal Sexual Contact of a Minor based on allegations that he touched his step-daughter A.R. Twenty-one days before his trial on the charges Miguel's trial attorney filed the defense witness list, which included witnesses who could attest to statements by A.R. indicating that she disliked Miguel and wanted him out of her and her mother's life. Without any effort to contact any of the witnesses on the list - all of whom lived together - the State moved to have all of them excluded for late-disclosure. Miguel's attorney explained that the witnesses provided necessary testimony related to the complaining witness's bias and motive to fabricate and that excluding all of Miguel's

witnesses would deny him a fair trial
and his right to effective assistance
of counsel. Defense counsel asked the
court to consider less severe sanctions,
such as a continuance or sanctioning
counsel. Without discussing any poss-
ible alternatives or considering the
impact on Miguel's constitutional
rights, the district court excluded all
of his witnesses. The State's only
witnesses at Miguel's trial were A.R.
and Detective Naylor as the State,
which had listed her as a potential
witness and subpoenaed her for trial,
did not wish to call Natalie (com-
plaining witness's mother). Defense
counsel indicated he might call her
as a witness, though he did not
ultimately do so.

In her testimony at trial, A.R. said
Miguel came home from work and
then went to bed. In the morning, he
came out of the bedroom, while
Natalie was still asleep, and that
was when the touching happened. A.R.
said that after she told her mom, Miguel

3

came home, her mom confronted him, and A.R. locked herself in the bathroom while Miguel yelled at A.R. that he had told her not to tell anyone. The State asked A.R. if she was making up the allegations (opening up the door to present evidence to prove fabrication) because she wanted to get Miguel in trouble or out of the house, which A.R. denied.

During cross, A.R. further testified that she did not have any problems with Miguel or with him disciplining her. Defense counsel did not question A.R. about the changes in her story, but did ask A.R. if she could give any indication as to when the events happened. A.R. could not recall when the alleged touching happened except that it was before she moved in with her grandmother.

During Detective Naylor's testimony, the bulk of Miguel's interview was played for the jury. Also, though the State had never indicated that Det. Naylor was an expert or would offer

9

expert testimony about delayed disclos-
ure, because Naylor had handled more
than ten child sex cases, the State
questioned him about whether delayed
disclosure was common and why
people delayed disclosing sexual abuse.
Defense counsel did not object.

After the State rested, defense
counsel moved for a directed verdict,
arguing that the State had not presented
evidence showing that the alleged touch-
ing happened during the charging period.
After the motion was denied, defense
counsel chose not to call Natalie, but
Miguel testified in his own defense.
Miguel denied the allegations at trial. He
explained that he had only admitted
to the allegations during the interrog-
ation because Naylor made it seem
like he would help Miguel out if he
admitted and because Naylor made it
sound like the allegations were not
such a big deal.

In closing arguments, the State high-
lighted Naylor's testimony that it was

not uncommon for people to delay reporting
sexual abuse because of shame, threats,
or other reasons. The State pointed out
that when she did finally disclose, not
even her own mother had believed her and
she had locked herself in the bathroom
while Miguel yelled at her for telling.

Defense counsel, in turn, argued that
it might be easy to assume that
children do not make up these kind
of allegations, but that she was living
with a grandmother who did not like
Miguel. The State objected that there
was no evidence in the record support-
ing the assertion and the court agreed.
Trial counsel noted that it was not a stretch
to assume the grandmother did not
get along with Miguel and then argued
that the State had not presented
evidence showing the allegations
happened or that they happened during
the charging period.

The jury found Miguel guilty.

At Miguel's sentencing, three of the

people listed on Miguel's witness list —
Miguel Jimenez, Sr., Fidencio Alonso
Romero, and Maria Alicia Jimenez — spoke
at his sentencing hearing. Two of them
touched upon information related to A.R.'s
credibility. Alicia, for instance, stated
that she did not believe Miguel had
touched A.R. She said that children
sometimes lie and had seen it happen
where a child is momentarily angry
and says "I hate you, you're not my
dad." She said she believed A.R.
had lied because she hated (hated)
Miguel at the moment she made
the allegations and that it turned
into a very serious matter as a result.

Fidencio also expressed his belief
that the allegations had been fabri-
cated. He said he grew up with Miguel
and had worked as a corrections
officer with him. He pointed out that,
since being moved to her grandmother's
house, A.R. was sending texts to her
mom saying she wanted to come home.
He believed that A.R. accused Miguel
falsely because she was upset with

Miguel. He mentioned that one of
A.R.'s friends had made similar
allegations against her father, but
came clean and said that she was
making it up and had heard from
"a friend" that all she had to do
to get out of trouble was to say
she had been touched.

The court sentenced Miguel to fifteen
years of incarceration suspending six,
leaving him with a nine-year sentence.

On direct appeal Petitioner argued
that:

(1) Trial counsel was ineffective due
     to the court's ruling and his own
     failure to call Natalie at trial,
     impeach A.R. with prior inconsistent
     testimony from the preliminary
     hearing, and object to prejudicial
     delayed disclosure testimony by Det.
     Maylor.

(2) Trial counsel's failures were prejud-
     icial as there is a reasonable probab-

ility the jury would have acquitted
Miguel of the charge had he been able
to impeach A.R.'s testimony with
evidence of bias and motive to
fabricate, inconsistencies in her claims,
and testimony from the mother contrad-
icting A.R.'s version of events and
casting doubt on the allegations
based on the circumstances under
which they arose.

(3) cumulative error.

## CONCLUSION

Miguel had a viable defense to the
charges against him. He was not A.R.'s
father and A.R. did not like being
disciplined, especially by him. In fact,
eyewitnesses had heard her say she
disliked Miguel and wanted him out of
her and her mother's life. While grounded,
A.R. told her mother Miguel had touched
her, though when her mother asked her
to tell the truth she said she had
not meant to say it. Later, A.R. told
her friend's mother after her friend's

mother had questioned A.R. about why she had misbehaved later, one of A.R.'s friends made similar accusations against her father, but recanted explaining that she had been told by a friend to make the accusations to get out of trouble. Unfortunately, because of errors by the district court and trial counsel, the jury did not hear any of this evidence. Instead, the jury only heard A.R.'s unimpeached testimony bolstered by Naylor assuring the jury that the circumstances under which A.R. disclosed were common in cases like this. Finally, an evidentiary hearing is appropriate to allow Petitioner to fully and fairly develop his claims due to the fact that the State, successfully, stone-walled any effort to resolve the claims through an evidentiary hearing and, by doing so, also, expressly waived any challenges to this Court conducting an evidentiary hearing.

Respectfully submitted,

Dated: 07/29/21                    Miguel Jimenez

10

_Miguel Jimenez_
Petitioner

I, Miguel Jimenez, am an inmate confined in an institution. Today, July  , 2021. I am depositing this Petition in the institution's internal mail system. First-class postage is being prepaid either by me or by the institution on my behalf.

I declare under penalty of perjury that the foregoing is true and correct (see 28 U.S.C §1746; 18 U.S.C. §1621)

_Miguel Jimenez_
Signed on July 29, 2021

CERTIFICATE OF SERVICE

I hereby certify that on July  , 2021 I served, via mail, Warden Santistevan at LCCF, 6900 W. Millen Dr., Hobbs, NM 88244 and the A.G., Hector Balderas, at 408 Galisteo St., Santa Fe, NM 87504

_Miguel J_

11



MIGUEL VIMENEZ #83523
CCF
200 W.PN-1168 Ur.
Lobbsview 532 84
W-202

M.S. District CourtHouse
100 N. Church St.
Las Cruces,NM 88001

SCREENED BY CSC
AUG 02 2021
MITCHELL R. ELFERS
CLERK OF COURTS