# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MIGUEL JIMENEZ,

    Petitioner,

v.                                                                                                                     No. 2:21-cv-00723-KWR-LF

DWAYNE SANTISESTEVAN and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Miguel Jimenez's Habeas Petition Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Jimenez challenges his state convictions based on, inter alia, ineffective assistance of counsel. Having reviewed the matter under Habeas Corpus Rule 4, the Court will require Jimenez to show cause why his Petition should not be dismissed for failure to file within the one-year limitation period.

## BACKGROUND[1]

In 2017, a jury convicted Jimenez of one count of criminal sexual contact of a child under age thirteen. *See* Doc. 1 at 3; Judgment and Sentence in D-503-CR-2016-66. The state court sentenced him to fifteen years imprisonment, with six years suspended. *Id.* Judgment on the conviction and sentence was entered June 2, 2017. *Id.* Jimenez filed a direct appeal. The New Mexico Court of Appeals (NMCA) affirmed his convictions and sentence. *See State v. Jimenez,*

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Jimenez's state court criminal dockets, Case No. D-503-CR-2016-66; A-1-CA-36564; and S-1-SC-38135. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

2019 WL 13156130, at *1 (N.M. Ct. App. Dec. 17, 2019). By an Order entered February 12, 2020, the New Mexico Supreme Court (NMSC) denied certiorari relief. *See* Order Denying Petition in S-1-SC-38135.

The state docket reflects Jimenez did not seek federal certiorari review with the United States Supreme Court. *See* Docket Sheet in D-503-CR-2016-66. His conviction and sentence therefore became final no later than May 13, 2020 (*i.e.,* the first day following expiration of the 90-day federal certiorari period). *See Rhine v. Boone,* 182 F.3d 1153, 1155 (10th Cir. 1999) (for habeas purposes, a conviction becomes final "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the [90-day] time for filing a petition ... has passed"). Over a year passed with no state tolling activity. *See* Docket Sheet in D-503-CR-2016-66. On May 25, 2021, Jimenez filed a state Motion for Free Process and Affirmation of Indigency. *Id*. He filed a state Motion to Reduce Sentence the following month and a state Habeas Corpus Petition on June 30, 2022. *Id.* Those motions are still pending in New Mexico's Fifth Judicial District Court, Eddy County. *Id.*

Jimenez filed the instant § 2254 Petition on August 2, 2021. He argues trial counsel was ineffective for, inter alia, failing to timely call witnesses. Jimenez may also argue that he is actually innocent of the crime; he alleges the victim lied for various reasons. Jimenez paid the $5 filing fee, and the matter is ready for initial review under Habeas Rule 4.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 claims. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief … , the judge must dismiss the petition." Habeas Corpus Rule 4. "If the motion is not dismissed, the

judge must order the United States Attorney to file an answer...." *Id.* "[D]istrict courts are permitted ... to consider, sua sponte, the timeliness of a ... habeas petition" as part of the initial review process. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, the limitation period began to run no later than May 13, 2020, when the conviction became final. *See Rhine*, 182 F.3d at 1155. There was no discernable tolling activity during the next year. The one-year period expired on May 13, 2021, at the latest. Any state habeas petitions filed after that date did not - as Jimenez may believe - restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll

the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (same).[2] Accordingly, the § 2254 Petition filed August 2, 2021 appears time-barred.

The Court discerns Jimenez may seek to overcome the time-bar by asserting a claim of actual innocence. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] ... expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "Th[e] actual innocence exception is rare and will only be applied in the extraordinary case." *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) (quotations omitted). A habeas petitioner must "'persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Burke v. Bigelow*, 792 Fed. App'x 562, 565 (10th Cir. 2019) (quoting *McQuiggin*, 569 U.S. at 386).

Jimenez alleges the victim lied because she did not want him to discipline her, and after learning such tactic from a friend, and that the victim recanted her statements at some point. These allegations do not show Jimenez is factually innocent or that no reasonable juror could have voted to convict. *Pacheco v. El Habti*, 48 F.4th 1179, 1186 (10th Cir. 2022) (The actual innocence exception pertains to "factual innocence, not mere legal insufficiency"); *Frost v. Pryor*, 749 F.3d 1212, 1231-32 (10th Cir. 2014) ("Simply maintaining one's innocence, or even casting some doubt on witness credibility, does not necessarily satisfy th[e actual innocence] standard."). The Petition therefore fails to overcome the time-bar at this stage.

---

[2] The Supreme Court has created one exception to this general rule. *Jimenez v. Quarterman* holds that a state habeas order granting an out-of-time appeal can "reset [§ 2244(d)(1)]'s 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. 113, 120–21 (2009). The *Jimenez* exception is inapplicable here because the state appeal period was never reopened.

Rather than dismissing the Petition outright, and in accordance with Tenth Circuit custom, the Court will allow Jimenez to file a response containing more information about the time-bar and the actual innocence exception, if he intends to pursue that theory. The response must be filed within thirty (30) days of entry of this Order. Failure to timely respond and overcome the time-bar will result in dismissal of this habeas action without further notice.

**IT IS ORDERED** that within thirty (30) days of entry of this ruling, Jimenez must file a response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**