IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL JIMENEZ,

    Petitioner,

v.                                                                              No. 21-cv-0723-KWR-LF

DWAYNE SANTISESTEVAN and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Miguel Jimenez's Amended Habeas Petition Under 28 U.S.C. § 2254 (Doc. 8) ("Amended Petition"). In a previous Memorandum Opinion and Order, the Court reviewed Jimenez's original habeas petition and required him to show cause why this case should not be dismissed for failure to file within the one-year limitation period. (Doc. 7) (the "Screening MOO"). In the Amended Petition, which serves as his response, Jimenez claims that the one-year limitations period has not expired because he is waiting for *Brady* evidence that will prove his claims of actual innocence and ineffective assistance of counsel. (Doc. 8 at 3). Having reviewed the Amended Petition, the Court concludes that Jimenez has failed to demonstrate that his request for relief under § 2254 is timely. This case will therefore be dismissed with prejudice.

### BACKGROUND[1]

In 2017, a jury convicted Jimenez of one count of criminal sexual contact of a child under

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Jimenez's state court criminal dockets, Case No. D-503-CR-2016-66; A-1-CA-36564; and S-1-SC-38135. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

age thirteen. *See* Doc. 1 at 3; Judgment and Sentence in D-503-CR-2016-66. The state court sentenced him to fifteen years imprisonment, with six years suspended. *Id.* Judgment on the conviction and sentence was entered June 2, 2017. *Id*. Jimenez filed a direct appeal. The New Mexico Court of Appeals (NMCA) affirmed his convictions and sentence. *See State v. Jimenez,* 2019 WL 13156130, at *1 (N.M. Ct. App. Dec. 17, 2019). By an Order entered February 12, 2020, the New Mexico Supreme Court (NMSC) denied certiorari relief. *See* Order Denying Petition in S-1-SC-38135.

The state docket reflects Jimenez did not seek federal certiorari review with the United States Supreme Court. *See* Docket Sheet in D-503-CR-2016-66. His conviction and sentence therefore became final no later than May 13, 2020 (*i.e.,* the first day following expiration of the 90-day federal certiorari period). *See Rhine v. Boone,* 182 F.3d 1153, 1155 (10th Cir. 1999) (for habeas purposes, a conviction becomes final "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the [90-day] time for filing a petition ... has passed"). Over a year passed with no state tolling activity. *See* Docket Sheet in D-503-CR-2016-66. On May 25, 2021, Jimenez filed a state Motion for Free Process and Affirmation of Indigency. *Id*. He filed a state Motion to Reduce Sentence the following month and a state Habeas Corpus Petition on June 30, 2022. *Id.* Those motions are still pending in New Mexico's Fifth Judicial District Court, Eddy County. *Id.*

Jimenez commenced this case by filing his original § 2254 habeas petition on August 2, 2021. (Doc. 1) He argued trial counsel was ineffective for, inter alia, failing to timely call witnesses, asserted that he is actually innocent of the crime, and alleged the victim lied for various reasons. The Court screened the petition pursuant to Habeas Corpus Rule 4 and concluded in the Screening MOO that: (1) the limitation period began to run no later than May 13, 2020, when the

conviction became final; (2) there was no discernable tolling activity during the next year; (3) the one-year period expired on May 13, 2021, at the latest; and (4) any state habeas petitions filed after that date did not restart the clock or otherwise impact the expired limitations period. (Doc. 7 at 3-4). The reasoning and analysis in the Court's Screening MOO is incorporated herein by reference.

The Court allowed Jimenez to file a response addressing the time bar and providing more information about his actual innocence claim. (Doc. 7 at 4). The Amended Petition followed. Jimenez concedes the correctness of the Court's analysis of the limitations period based on the finality of the criminal judgment. He claims, however, that the state is concealing *Brady* evidence that proves his factual innocence and which is crucial to his ineffective assistance of counsel claim. (Doc. 8 at 3-4). He argues that he is entitled to an extension of limitations period under § 2244(d)(1), which, he argues, will begin to run when he receives the evidence.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 claims. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief … , the judge must dismiss the petition." Habeas Corpus Rule 4. "If the motion is not dismissed, the judge must order the United States Attorney to file an answer...." *Id.* "[D]istrict courts are permitted ... to consider, sua sponte, the timeliness of a ... habeas petition" as part of the initial review process. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

A 1-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

3

if the applicant was prevented from filing by such State action;
 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

It is established that Jimenez filed his petition more than one year after the judgment became final, such that subsection (A) does not apply; and Jimenez does not rely on a newly recognized constitutional right under subsection (C). (Doc. 7). Jimenez argues that his petition is timely because the state improperly concealed *Brady* evidence.[2] Jimenez's argument appears to invoke subsections (B) and (D) of § 2244(d)(1). He also makes an "actual innocence" claim.

§ 2241(d)(1)(B).

§ 2244(d)(1)(B) requires a showing of unconstitutional state action. For this provision to apply, the state "must have actually prevented the inmate from filing his application." *Aragon*, 819 F. App'x at 613; *Garcia*, 343 F. App'x at 319. It "typically applies when the state thwarts a prisoner's access to the courts, for example, by denying an inmate access to his legal materials or a law library." *Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020), citing *Garcia v. Hatch*, 343 F. App'x 316, 318 (10th Cir. 2009) (unpublished) (collecting cases).

Jimenez does not allege facts showing unconstitutional state action prevented him from filing a habeas application within a year of the judgment. He contends that he is expecting to receive *Brady* evidence withheld by the state, but he does not explain why he could not have filed

---

2 In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the United States Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." "*Brady* violations exist if: '(1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense.'" *Madrid v. Wilson*, 590 F. App'x 773, 778 (10th Cir. 2014), citing *Hooks v. Workman*, 689 F.3d 1148, 1179 (10th Cir.2012).

his petition until he was in possession of the evidence. Jimenez has therefore failed to demonstrate that § 2244(d)(1)(B) applies to this case. *See, e.g., Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir.2006) (rejecting a habeas petitioner's § 2244(d)(1)(B) argument because the petitioner "failed to explain why the documents held by the State were necessary to pursue his federal claim").

### § 2244(d)(1)(D).

By its terms, § 2244(d)(1)(D) is triggered on the date that predicate *facts* could have been discovered through the exercise of due diligence, not the collection of documentary evidence. In the Amended Petition, Jimenez describes the *Brady* evidence allegedly concealed by the state as including various statements made by the victim to witnesses (the content and import of which is described by Jimenez), facts known to the Carlsbad Police Department from an investigation into allegations of sexual abuse made by one of the victim's friends (which facts Jimenez outlines in some detail), facts about the results of an investigation conducted by New Mexico's Children, Youth, and Families Department (to which Jimenez was apparently always privy), and evidence showing dates and times Jimenez was at work (which he would obviously have had personal knowledge of throughout all stages of the case), among other things. Insofar as Jimenez is familiar with what the "concealed" evidence will show, the fact that he has yet to receive the documents and/or recordings he seeks from the state is immaterial under § 2244(d)(1)(D). Jimenez also alleges that all the evidence was available before trial and some of it was discussed at this sentencing; he does not allege that the facts were previously undiscoverable through the exercise of due diligence. *See Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020) ("The test under § 2244(d)(1)(D) is not when the petitioner obtained actual knowledge of the basis for his claims, but rather the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence."). To the extent Jimenez argues counsel failed to adequately use the evidence available

at trial in his defense, such claim is also subject to the one-year limitation period. Jimenez has therefore failed to demonstrate that his petition is timely under § 2244(d)(1)(D).

Actual Innocence.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] ... expiration of the statute of limitations.". *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). This rare exception applies only where the petitioner persuades "the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Burke v. Bigelow*, 792 Fed. App'x 562, 565 (10th Cir. 2019); *McQuiggin*, 569 U.S. at 386. "To raise a colorable claim of actual innocence, a petitioner must support his allegations with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Sandoval v. Jones*, 447 F. App'x 1, 4–6 (10th Cir. 2011) (unpublished), citing *Schlup v. Delo*, 513 U.S. 298, 322, 324 (1995). But "[s]imply maintaining one's innocence" and "casting doubt on witness credibility" do not establish actual innocence. *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014).

Jimenez points to the existence of various sources of evidence that might cast doubt on the credibility of the victim and other trial witnesses. But the evidence he describes is not of such a quality and nature that it supports a conclusion that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt if it had been presented at trial. *Schlup*, 513 U.S. at 322, 324 (contemplating evidence on par with the reliability of scientific, physical, or trustworthy eyewitness accounts). He has not raised a colorable claim of actual innocence.

For the foregoing reasons, and for the reasons set forth in the Court's screening MOO (Doc. 7), the original petition (Doc. 1) is untimely, and the Amended Petition (Doc. 8) has not overcome

the time bar. As this conclusion is not reasonably debatable, the Court will deny a certificate of appealability under Habeas Corpus Rule 11. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Miguel Jimenez's 28 U.S.C. § 2254 Habeas Corpus Petition (**Doc. 1)** and Amended Petition **(Doc. 8)** are **DISMISSED** with prejudice; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing this case.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE