IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL JIMENEZ,

    Petitioner,

v.                                                                                              No. 21-cv-0723-KWR-LF

DWAYNE SANTISESTEVAN and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER DENYING POST-JUDGMENT MOTION

**THIS MATTER** is before the Court on Petitioner Miguel Jimenez's Omnibus Motion to Add or Amend Findings of Fact and Conclusions and/or to Alter or Amend Judgment, filed June 26, 2023. (Doc. 11) (the "Motion"). Jimenez commenced this case on August 2, 2021, filing a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, challenging his state court conviction for criminal sexual contact of a child. (Doc. 1) (the "Petition"). The Court reviewed the Petition under Habeas Corpus Rule 4, and entered a Memorandum Opinion and Order requiring Jimenez to show cause why the Petition should not be dismissed as untimely because it was filed more than one year after his conviction became final. (Doc. 7) (the "Screening MOO"). Jimenez filed a response, seeking to overcome the time bar on the ground that the state was allegedly concealing *Brady* evidence that proves his factual innocence that would be crucial to a claim of ineffective assistance of counsel; and seeking a prospective extension of the limitations period to commence a one-year limitation period from an unknow future date on which he would receive the *Brady* materials. (Doc. 8) ("OSC Response")). In a Memorandum Opinion and Order entered May 22, 2023, the Court concluded that the OSC Response did not demonstrate that the Petition

was timely, nor did it overcome the time bar. (Doc. 9) ("Dismissal MOO"). The Court dismissed the Petition with prejudice and entered a final judgment. (Docs. 9, 10). Thirty-five days later, Jimenez filed the Motion. (Doc. 11). Jimenez dated and signed the Motion June 16, 2023, and averred that he placed it in the prison mailbox the same day, twenty-five days after the final judgment. (Doc. 11 at 16).

Jimenez invokes Rule 52 of the Federal Rules of Civil Procedure, which governs findings and conclusions in "an action tried on the facts without a jury or with an advisory jury" and allows a party to file a motion within twenty-eight days of the judgment requesting a court to amend is finding, make additional findings, and amend the judgment accordingly. *See* Fed. R. Civ. P. 52(a)(1) and (b). Rule 52 does not apply here, as there was no trial.

Jimenez also invokes Rule 59(e), which allows a party to file [a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Rule 59(e) motions may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). Particularly, relief is available under Rule 59(e) in the event of (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) when it is necessary to correct clear error or prevent manifest injustice. *Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017). Specifically, Jimenez argues that the Motion should be granted to correct clear error or prevent manifest injustice. His arguments are not well taken, and the Motion shall be denied.

1. <u>The Court is Permitted to Take Judicial Notice of the State Court Docket and *Sua Sponte* Consider the Timeliness of a Habeas Petition.</u>

Jiminez does not challenge the Court's reconstruction of the timeline of procedural events from the state court docket. Instead, primarily he argues that the Court erred in taking judicial notice of the state Court docket to analyze the timeliness of the Petition. The argument fails.

Rule 201(b)(2) of the Federal Rules of Evidence provides: "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Pleadings and other documents of public record on a state court docket are subject to judicial notice. *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014) (holding that Fed. R. Civ. P. 201(b)(2) allows a Court to take judicial notice of "documents and docket materials filed in other courts"); *see Mitchell v. Dowling*, 672 F. App'x 792, 793 n.2 (10th Cir. 2016) (District Courts considering habeas petitions may take "judicial notice of the state-court docket sheet to confirm the date that each [State] motion was filed"); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may take judicial notice of public records.

Jimenez's related argument that the Court erred in *sua sponte* raising the issue of the timeliness of the Petition against the backdrop of the state court record also fails. "[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition" provided that before dismissing on this ground, the parties are given "fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 209-10 (2006); *Melander v. Wyoming*, 661 F. App'x 521, 525 (10th Cir. 2016) (same). In the Screening MOO, the Court gave Jimenez fair notice and an opportunity to address the timeliness of the Petition, and in the Dismissal MOO, the Court considered the substance of Jimenez's OSC Response and ultimately determined that the Petition was untimely and should be dismissed. While the outcome was not

favorable to Jimenez, the Court's processes and conclusions were fair and legally correct. Relief under Rule 59(e) is not justified on these grounds.

2. The Court Properly Declined to Address the Merits of Jimenez's Untimely Petition.

Jimenez also argues that the Court erred in failing to conduct a *Brady* analysis, to review the allegedly state-suppressed evidence, to hold an evidentiary hearing, or allow him to seek discovery. These arguments lack merit. Because it not timely filed, the Court properly declined to address the merits of the Petition. *Alley v. Janecka*, 143 F. App'x 914, 917 n.2 (10th Cir. 2005). This includes an analysis of the merits alleged *Brady* evidence that Jimenez expects to receive, which at this point is speculative in nature and therefore could only be analyzed hypothetically. By extension, because the Petition was time barred, Jimenez had no right to an evidentiary hearing or discovery. Finally, to the extent that Jimenez's Motion rehashes issues previously raised in the Petition and the OSC Response, which were resolved against him in the Screening MOO and the Dismissal MOO, the arguments do not justify relief under Rule 59(e). *Kostich v. McCollum*, 624 F. App'x 618, 624 (10th Cir. 2015).

3. In the Alternative, Relief Under Rule 60(b) is Not Justified.

Although the Court accepts as true Jimenez's averment that the Motion was drafted and mailed within the twenty-eight-day period applicable to Rule 59(e), based on the time of its *filing* it could be construed under Fed. R. Civ. P. 60(b). *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991) (Post-judgment motions filed after the timeframe designated in Rule 59(e) are usually construed under Rule 60(b)).

In relevant part, Rule 60(b) permits a court to relieve a party from a final judgment for:

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> . . .
> (6) any other reason that justifies relief.

4

Relief from a judgment under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "Rule 60(b) is not available to allow a party merely to reargue an issue previously addressed by the court[.]" *F.D.I.C. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998).

The procedural arguments in the Motion concerning the Court's judicial notice of the state court docket and *sua sponte* consideration of the Petition's timeliness do not justify relief under Rule 60(b) for the reasons set forth in the Court's discussion of Jimenez's Rule 59(e) arguments in Section 1 of this Order.

To the extent, however, that the Motion reasserts the *merits* of the Petition, it must be construed as a successive habeas petition, over which the Court lacks jurisdiction. *See Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (a motion for reconsideration is in effect a successive habeas petition if it asserts or reasserts a federal basis for relief from the petitioner's underlying conviction); *see* 28 U.S.C. § 2244(b)(3) ("Before a … successive [habeas] application … is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); (Doc. 5 at 3-4). Under these circumstances, the Court may transfer the matter to the Tenth Circuit "if . . . it is in the interests of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating those options include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. A § 2254 petition is typically time-barred unless it is filed within one year after the criminal judgment becomes final. *See* 28 U.S.C. § 2244(d). The one-year period can be extended

5

where the state impedes the federal filing, the Supreme Court recognizes a new right, or the factual predicate of the claim could not have been discovered through due diligence. *Id.*

Considering the above factors, a transfer is not in the interest of justice. As held in the Dismissal MOO, the claims are time-barred. That Jimenez was aware of the time bar is beyond debate. Therefore, the claims which are here reasserted almost immediately after they were dismissed, are not raised in good faith. The Motion does not cite new Supreme Court law. To the extent it seeks a prospective extension of the one-year limitation period, which would commence upon Jimenez's receipt of the alleged *Brady* material, the request is denied in keeping with the policy in this district and others to decline prospective extensions of the one-year limitation period governing habeas petitions. *See Jaquess v. Rios*, No. 2:22-CV-409-RB-LF, 2023 WL 2815565, at *2 (D.N.M. Mar. 14, 2023) (declining to grant prospective extension for a § 2254 petition); *Ortiz-Hernandez v. United States*, No. 17-CR-3420 WJ-JHR, 2022 WL 1554744, at *2 (D.N.M. May 17, 2022) (declining to grant a prospective extension after the expiration of the limitation period); *see also Freeney v. United States*, 2022 WL 504173, at *1 (N.D. Tex. Feb. 18, 2022) ("[S]ection 2255 does not authorize a prospective extension of the statute of limitations."); *United States v. Nelson*, 2021 WL 3574869, at *1 (S.D. Miss. Aug. 11, 2021) (same); *Morey v. Titus*, 2018 WL 5315248, at *1 (D. Minn. Sept. 19, 2018) (same). It is Jimenez's prerogative to seek permission from the Tenth Circuit to file a successive habeas petition once he has the *Brady* material in hand.

As to Jimenez's re-hashed argument that the state's alleged withholding of *Brady* evidence constitutes grounds for overcoming the time bar, the argument was addressed in the Dismissal MOO. As stated there, the argument fails under 28 U.S.C. § 2244(d)(1)(B) because Jimenez does not allege facts showing unconstitutional state action prevented him from filing a habeas application within a year of the judgment. He contends that he is expecting to receive *Brady*

evidence withheld by the state, but he does not explain why he could not have timely filed his petition despite not being in possession of the materials, which were of a nature that he knew or should have known existed well before the one-year limitation period expired. *See, e.g.*, *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir.2006) (rejecting a habeas petitioner's § 2244(d)(1)(B) argument because the petitioner "failed to explain why the documents held by the State were necessary to pursue his federal claim").

The argument fails under § 2244(d)(1)(D) because this section is triggered on the date that predicate *facts* could have been discovered through the exercise of due diligence, not the collection of documentary evidence. In the OSC Response and in the Motion, Jimenez describes the *Brady* evidence allegedly concealed by the state as including various statements made by the victim to witnesses (the content and import of which is described by Jimenez), facts known to the Carlsbad Police Department from an investigation into allegations of sexual abuse made by one of the victim's friends (which facts Jimenez outlines in some detail), facts about the results of an investigation conducted by New Mexico's Children, Youth, and Families Department (to which Jimenez was apparently always privy), and evidence showing dates and times Jimenez was at work (which he would obviously have had personal knowledge of throughout all stages of the case), among other things. Insofar as Jimenez is familiar with what the "concealed" evidence will show, the fact that he has yet to receive the documents and/or recordings he seeks from the state does not justify expanding the one-year limitation period under § 2244(d)(1)(D). Jimenez also alleges that all the evidence was available before trial and some of it was discussed at this sentencing; he does not allege that the facts were previously undiscoverable through the exercise of due diligence. *See Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020) ("The test under § 2244(d)(1)(D) is not when the petitioner obtained actual knowledge of the basis for his claims, but rather the date

on which the factual predicate of the claim could have been discovered through the exercise of due diligence.") *Melander v. Wyoming*, 661 F. App'x 521, 524 (10th Cir. 2016) (Petitioner's knowledge of the factual predicate for the alleged *Brady* violation or concealed evidence that he knew existed before the one-year limitations period expired did not justify untimeliness of the petition).

For these reasons, to the extent the Motion may be construed as a successive habeas petition, the Court declines to transfer it to the Tenth Circuit. Instead, the Court will dismiss the successive petition for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the absence of jurisdiction is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

**IT IS ORDERED** that Petitioner Miguel Jimenez's Omnibus Motion to Add or Amend Findings of Fact and Conclusions and/or to Alter or Amend Judgment, filed June 26, 2023, is **DENIED**.

**IT IS FURTHER ORDERED** that to the extent the Motion, in part, constitutes a second or successive habeas petition, the petition is **DISMISSED** for lack of jurisdiction and a certificate of appealability is **DENIED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE